1  MITCHELL + COMPANY
2  Brian E. Mitchell (SBN 190095)
   *brian.mitchell@mcolawoffices.com*
3  Marcel F. De Armas (SBN 289282)
4  *mdearmas@mcolawoffices.com*
   4 Embarcadero Center, Suite 1400
5  San Francisco, California 94111
   Tel: 415-766-3514
6  Fax: 415-402-0058
7
8  Attorneys for Plaintiff
   INCASE DESIGNS, CORP
9

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INCASE DESIGNS, CORP. | Case No.: |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| v. | |
| ECLIPSE IP, LLC, | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiff Incase Designs, Corp ("Plaintiff" or "Incase") complains as follows:

## NATURE OF ACTION

1.  This is an action seeking Declaratory Judgment that United States Patent Nos. 7,119,716 (the '716 Patent), 7,479,899 (the '899 Patent), and 7,876,239 (the '239 Patent), which are owned by Defendant Eclipse IP, LLC ("Eclipse" or "Defendant"), have not been infringed by Incase and are invalid.

2.  This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, Title 35 of the United States Code.

## THE PARTIES

3.  Incase is a California corporation and a global leader in the design, development, manufacture, and sale of carrying cases, bags, and covers for consumer electronics.

4.  On information and belief, Eclipse is a company organized under the laws of Florida and having an address at 711 SW 24th, Boyton Beach, Florida 33435. On information and belief, Eclipse is the owner of the patents-in-suit.

5.  Eclipse claims to be the owner by assignment of the rights, title, and interest of at least twenty-one issued United States Patents, including the patents-in-suit.

## JURISDICTION AND VENUE

6.  The Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) in that it arises under the United States Patent Laws.

7.  This Court has personal jurisdiction over the Defendant pursuant to the laws of the State of California, including California's long-arm statute and California Code of Civil Procedure § 410.10.

8.  Eclipse has filed at least 36 cases asserting patent infringement in this District, 23 of which involve one or more of the patents-in-suit.

COMPLAINT FOR DECLARATORY JUDGMENT

9. Upon information and belief, Eclipse is in the business of patent licensing through the threat of litigation.

10. Upon information and belief, a key part of Eclipse's business model is sending letters, emails, and making telephone calls threatening patent litigation and following through on that threat.

11. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## PATENTS-IN-SUIT

12. The '716 Patent is titled "Response Systems and Methods for Nomination Systems for Modifying Future Notifications," and was issued on October 10, 2006.

13. The '899 Patent is titled "Notification Systems and Methods Enabling a Response to Cause Connection between a Notified PCD and a Delivery or Pickup Representative," and was issued on January 20, 2009.

14. The '239 Patent is titled "Secure Notification Messaging Systems and Methods Using Authentication Indicia," and was issued on January 25, 2011.

## ECLIPSE'S THREATS AGAINST INCASE

15. On or about August 15, 2014, Matt Olavi of the law firm Olavi Dunne LLP, counsel for Eclipse, sent a letter to Tony Held, CEO of Incase, at Incase's Chino, California offices (the "Olavi letter").

16. The Olavi letter asserts that Incase infringes the patents-in-suit, warns that Eclipse "aggressively litigates patent infringement lawsuits," and gave September 19, 2014 as a cutoff date, after which, Eclipse "assume[s] that [Incase is] not interested in resolving this matter without litigation." A true and correct copy of that letter is attached hereto as Exhibit 1.

17. In the Olavi letter, Eclipse alleges that the "electronic messaging features of [Incase's] online ordering system infringe claims of at least several of the Eclipse Patents," including the patents-in-suit.

18. On September 4, 2014, District Court Judge George H. Wu, presiding over the case of *Eclipse IP LLC v. McKinley Equipment Corporation*, granted the defendant's Motion to Dismiss for Lack of Patentable Subject Matter, and invalidated the asserted claims of the Eclipse patents at issue in that action. This included invalidating the asserted claims of at least one of the patents-in-suit in this action.

19. On or about September 19, 2014, Edward Turnbull, an individual associated with Eclipse, place a telephone call to Incase, asking to speak with Mr. Held. He followed up with an email to an Incase employee, attaching the Olavi letter alleging infringement of the patents-in-suit (the "Turnbull email").

20. The Turnbull email and attachment reaffirms Eclipse's aggressive posture, and concludes with the threat that Eclipse's "next step will be litigation."

21. Eclipse's letter, telephone call, and email, and pattern of litigation show that there is a substantial controversy between the parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of the '239 Patent, '716 Patent, and '899 Patent)**

22. Incase incorporates by reference and realleges each of the allegations set forth in the preceding paragraphs as though fully set forth herein.

23. Incase's online ordering system does not infringe the patents-in-suit, directly or indirectly.

24. Incase's is not infringing, and has never infringed, any valid claim of the patents-in-suit either directly or indirectly, literally or under the doctrine of equivalents.

25. Incase is entitled to a judgment declaring that it has never infringed and is not infringing any valid claim of the patents-in-suit.

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of the '239 Patent, '716 Patent, and '899 Patent)**

26. Incase incorporates by reference and realleges each of the allegations set forth in preceding paragraphs as though fully set forth herein.

27. All of the claims of the patents-in-suit are invalid under the United States Patent Act, including pursuant to 35 U.S.C. §§ 101, 102, 103, and 112.

28. All of the claims of the patents-in-suit are invalid pursuant to 35 U.S.C. § 101 because they purport to claim unpatentable abstract concepts. For example, the claims of the '716 patent are directed to the abstract idea of assigning someone to perform a task and then waiting until they complete it.

29. All of the claims of the patents-in-suit are invalid pursuant to 35 U.S.C. §§ 102 and/or 103 because they are anticipated or rendered obvious by prior art.

30. All of the claims of the patents-in-suit are invalid pursuant to 35 U.S.C. § 112 because they are indefinite, not enabled, or lack sufficient written description.

31. Based on Eclipse's letter, telephone call, and email to Incase, its threat of litigation for patent infringement of up to 21 issued patents with 595 claims, some of which have been found invalid, Eclipse's pattern of litigation, and Incase's denial of infringement, an actual case or controversy exists as to whether Incase infringes any valid or enforceable claim of the patents-in-suit, and Incase is entitled to a declaration that the patents-in-suit are invalid.

## REQUEST FOR RELIEF

Therefore, Incase requests for judgment:

1. That Incase has not infringed the '239 Patent, '716 Patent, or '899 Patent;

2.     That the '239 Patent, '716 Patent, and '899 Patent are invalid;

3.     That Incase be awarded its costs of suit, and pre- and post-judgment interest on any money judgment;

4.     That the Court declare this to be an exceptional case pursuant to 35 U.S.C. § 285, and award Incase its reasonable attorney's fees;

5.     For such other relief as the Court deems proper.


Dated:  September 29, 2014                     Respectfully submitted,

*/s/ Brian E. Mitchell*
Brian E. Mitchell

Brian E. Mitchell
Marcel F. De Armas
MITCHELL + COMPANY
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone:  (415) 766-3515
Facsimile:   (415) 402-0058
brian.mitchell@mcolawoffices.com
mdearmas@mcolawoffices.com

Attorneys for Plaintiff
INCASE DESIGNS, CORP

## JURY DEMAND

Plaintiff demands a jury trial on all claims as to which it has a right to a jury.

Dated:  September 29, 2013

Respectfully submitted,

*/s/ Brian E. Mitchell*
Brian E. Mitchell

Brian E. Mitchell
Marcel F. De Armas
MITCHELL + COMPANY
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone:   (415) 766-3515
Facsimile:    (415) 402-0058
brian.mitchell@mcolawoffices.com
mdearmas@mcolawoffices.com

Attorneys for Plaintiff
INCASE DESIGNS, CORP